

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

Theresa M. Owens, Clerk
U. S. .District Court
Western District of WI
120 N. Henry St., Room 320
Madison, WI 53703



*FILED*

MAY 8 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Date: 2/22/08

To: Clerk, U.S. District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

Re: USA v. NATHANIEL SMITH
Our Case Number:98-CR-081-C-01

Dear Clerk: O8cr 322-1

## Initial Transfer Out

☐ Enclosed please find Probation Form 22 initiating the Transfer of Jurisdiction to your district. Please return an original to this office after jurisdiction has been accepted. When received, we will forward certified copies of the pertinent documents to you.

## Final Transfer Out

☒ Enclosed please find certified copies of Probation Form 22 transferring the jurisdiction from the District of Wisconsin to your District. Also, enclosed are certified copies of the charging document, Judgment & Commitment Order, Docket Sheet and Financial Case Inquiry Report.

## Transfer In

☐ Enclosed please find Probation Form 22 indicating that our court has accepted jurisdiction. Please forward certified copies of Probation Form 22, charging document, Judgment & Commitment Order, Financial Case Inquiry Report and Docket Sheet for **only** this defendant.

## Rule 5 (formerly Rule 40) Removal Proceedings

☐ Enclosed please find certified copies of all documents filed in our court.

## Rule 20

☐ Enclosed please find certified copies of the Docket Sheet, charging instrument, and Consent to Transfer pursuant to Rule 20.

Please acknowledge receipt of these documents by returning, in the envelope provided, a copy of the enclosed letter stamped "RECEIVED".

Sincerely,

Vivian Balderas,
Deputy Clerk

cc:   USA
      FPD
      USMS
      USP

CLOSED

# U.S. District Court
## Western District of Wisconsin (Madison)
## CRIMINAL DOCKET FOR CASE #: 3:98-cr-00081-bbc All Defendants
### Internal Use Only

Case title: USA v. SMITH, NATHANIEL

Date Filed: 08/05/1998

Assigned to: Chief Judge Barbara B Crabb

## Defendant

**Nathaniel Smith** (1)

represented by **Nathaniel Smith**
FCI OXFORD#04406-090P.O. BOX 1085
OXFORD, WI 53952-1085
*ATTORNEY TO BE NOTICED*
*Designation: Waived or Self (Pro Se)*

## Pending Counts

CONSPIRACY TO DISTRIBUTE
CONTROLLED SUBSTANCE
(1)

CONTROLLED SUBSTANCE - SELL,
DISTRIBUTE, OR DISPENSE
(2)

CONTROLLED SUBSTANCE - SELL,
DISTRIBUTE, OR DISPENSE
(3)

CONTROLLED SUBSTANCE - SELL,
DISTRIBUTE, OR DISPENSE
(4)

CONTROLLED SUBSTANCE - SELL,
DISTRIBUTE, OR DISPENSE
(5)

## Disposition

Dismisssed, or government motion for
acquittal granted, or any disposition
other than a conviction not covered by
another code.

Convicted/final plea of guilty.

Convicted/final plea of guilty.

Convicted/final plea of guilty.

Convicted/final plea of guilty.

## Highest Offense Level (Opening)

Felony

A TRUE COPY, Certified
5/7/08
Theresa M. Owens, Clerk
U.S. District Court
Western District of Wisconsin

By _____
Deputy Clerk

5/7/2008 10:10 AM

**Terminated Counts**                                    **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                           **Disposition**

None

Assigned to: Chief Judge Barbara B
Crabb

**Defendant**

**Maurice D. Vaughn** (2)              represented by  **Richard A. Coad**
                                                        33 E. Main St.
                                                        Madison, WI 53701
                                                        608-257-0945
                                                        Email: rcoad@hbslawfirm.com
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: Public Defender or*
                                                        *Community Defender Appointment*

**Pending Counts**                                       **Disposition**

CONSPIRACY TO DISTRIBUTE                                 Dismisssed, or government motion for
CONTROLLED SUBSTANCE                                     acquittal granted, or any disposition
(1)                                                     other than a conviction not covered by
                                                        another code.

CONTROLLED SUBSTANCE - SELL,
DISTRIBUTE, OR DISPENSE                                  Convicted/final plea of guilty.
(4)

CONTROLLED SUBSTANCE - SELL,
DISTRIBUTE, OR DISPENSE                                  Convicted/final plea of guilty.
(5)

CONTROLLED SUBSTANCE - SELL,
DISTRIBUTE, OR DISPENSE                                  Convicted/final plea of guilty.
(6)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                          **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                 **Disposition**

None

---

**Plaintiff**

**USA**                          represented by  **John William Vaudreuil**
                                                660 West Washington Avenue, #303
                                                Madison, WI 53703
                                                608-264-5158
                                                Email: john.vaudreuil@usdoj.gov
                                                *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 07/22/1998 | ●1 | COMPLAINT (Entered: 07/22/1998) |
| 07/22/1998 | ●2 | CTR MIN: INIT. APP.; CT TO APPT CNSL FOR BOTH DEFTS. GOVT REQUESTS DETENTION. DATE SET FOR DETENTION & P.E. (SLC)20MIN (Entered: 07/22/1998) |
| 07/22/1998 | ●3 | ORDER OF DETENTION PENDING HEARING. (SLC) CCMLD (Entered: 07/22/1998) |
| 07/22/1998 | ●4 | ORDER OF DETENTION PENDING HEARING. (SLC) CCMLD (Entered: 07/22/1998) |
| 07/23/1998 | ●5 | CJA VOUCHER 20 #1038541 APPTMT (GEIER) (Entered: 07/23/1998) |
| 07/24/1998 | ●6 | CJA VOUCHER 20 #1038542 APPTMT (GREGORY DUTCH) (Entered: 07/24/1998) |
| 07/27/1998 | ●7 | CTR MIN: DET. HRG.; & P.E.: ORAL ARGUMENT/TESTIMONY;CRT FINDSPROBABLE CAUSE; DEFTS DETAINED;ARRGN./SCHED.8/11/98.(SLC)(:35 (Entered: 07/27/1998) |
| 07/27/1998 | ●8 | ORDER ON DETN HRG & P.E.: CRT FINDS PROBABLE CAUSE; DEFTS HELD IN CUSTODY; ARRAIGNMENT/SCHED. ON 8/11/98, 1:30 PM.(SLC) (Entered: 07/27/1998) |

| 07/27/1998 | ◑10 | ORDER OF DETENTION PENDING TRIAL FOR DEFT VAUGHN. (Entered: 07/27/1998) |
|---|---|---|
| 08/05/1998 | ◑ | Jams Import Utility Entry (Entered: 08/05/1998) |
| 08/05/1998 | ◑ | Jams Import Utility Entry (Entered: 08/05/1998) |
| 08/05/1998 | ◑ | Criminal Charges/Counts (Entered: 08/05/1998) |
| 08/05/1998 | ◑ | Criminal Charges/Counts (Entered: 08/05/1998) |
| 08/05/1998 | ◑11 | JS 45, CRIMINAL COVER SHEET. (Entered: 08/07/1998) |
| 08/05/1998 | ◑13 | INDICTMENT (Entered: 08/07/1998) |
| 08/05/1998 | ◑12 | JS 45, CRIMINAL COVER SHEET. (Entered: 08/07/1998) |
| 08/11/1998 | ◑14 | CTR MIN: ARRG.; N.G.PLEA; BRFG & DATES SET.(SLC)10 (Entered: 08/11/1998) |
| 08/12/1998 | ◑15 | ORDER ON SCHEDULING. (SLC)CC:MLD (Entered: 08/13/1998) |
| 09/22/1998 | ◑16 | MOTION BY DEFT SMITH FOR DISCLOSURE OF JENCKS ACT MATERIAL 20DAYS BEFORE TRIAL. (Entered: 09/22/1998) |
| 09/22/1998 | ◑17 | MOTION BY DEFT SMITH FOR PRODUCTION OF STATEMENTS OF ALLEGED CO-CONSPIRATORS. (Entered: 09/22/1998) |
| 09/22/1998 | ◑18 | BRIEF IN SUPPORT BY DEFT.SMITH OF MO FOR PROD.OF STATEMENTS OF ALLEGED CO-CONSPIRATORS. (Entered: 09/22/1998) |
| 09/22/1998 | ◑19 | MOTION BY DEFT SMITH TO DISCLOSE COMPLIANCE WITH RULE 6(d). (Entered: 09/22/1998) |
| 09/24/1998 | ◑20 | CTR MIN: PTC; GOVT PROFFER ON DISC.; CRT RULES ON MOS OF DEFTSMITH; NO MOS BY DEFT VAUGHT; TRIAL DATE REMAINS. (SLC) (:07) (Entered: 09/25/1998) |
| 09/25/1998 | ◑21 | PTC ORDER W/ORDER GOVERNING FPTC & RULING ON PT MOTIONS.(SLC) (Entered: 09/25/1998) |
| 10/16/1998 | ◑22 | MOTION BY DEFT SMITH - EX PARTE. **SEALED** (Entered: 10/16/1998) |
| 10/16/1998 | ◑23 | AFFIDAVIT OF ATTY DAVID A. GEIER. **SEALED** (Entered: 10/16/1998) |
| 10/19/1998 | ◑24 | ORDER GRANT. DEFT'S MO. #22.(SLC)***SEALED*** (Entered: 10/19/1998) |
| 10/27/1998 | ◑25 | MOTION EX-PARTE BY DEFT. ***SEALED*** (Entered: 10/28/1998) |
| 10/27/1998 | ◑26 | AFFIDAVIT OF DAVID A. GEIER.***SEALED*** (Entered: 10/28/1998) |

| 11/04/1998 | 27 | CTR MIN: PLEA HRG.; DEFT ENTERS G.P. TO CT 6;PLEA AGREEMT. SIGNED & READ INTO RECORD; PSR 12/9;OBJS 12/21.SENT 1/4(BC)29 (Entered: 11/04/1998) |
| --- | --- | --- |
| 11/04/1998 | 28 | PLEA AGREEMENT (Entered: 11/04/1998) |
| 11/05/1998 | 29 | CTR MIN: PLEA HRG.; DEFT ENTERED G.PLEA TO CT4 OF INDICT.;PSR12/10; OBJS 1/8; SENT 1/26/99.DEFT.REMAINS IN CUSTODY.(BC)32 (Entered: 11/05/1998) |
| 11/05/1998 | 30 | PLEA AGREEMENT LETTER. (cc:mld) (Entered: 11/05/1998) |
| 12/21/1998 | | GOV'T LETTER STATING THEY HAVE NO OBJ.TO PSR; SENT TO BC FOR FILING. (Entered: 12/21/1998) |
| 12/21/1998 | | GOV'T LETTER STATING THEY HAVE NO OBJ.TO PSR; SENT TO BC FOR FILING. (Entered: 12/21/1998) |
| 12/21/1998 | | DEFT'S LETTER STATING THEY HAVE NO OBJ.TO PSR; SENT TO BC FORFILING. (Entered: 12/21/1998) |
| 01/04/1999 | 31 | CTR MIN: SENT.; CT 6: $100 S.A. BOP 135 MOS IMPR., LAST 6MOSIN CCC WITH W/R; 5 YRS S.R. REMAINING CTS DISMD BY GOVT.(13) (Entered: 01/04/1999) |
| 01/06/1999 | 32 | JUDGMENT AND COMMITMENT (BBC)cc:mld (Entered: 01/07/1999) |
| 01/08/1999 | | OBJECTION TO PRESENTENCE REPORT BY DEFT SMITH; SENT TO BC FOR FILING. (Entered: 01/08/1999) |
| 01/21/1999 | 33 | JUDGMENT AND COMMITMENT WITH MARSHAL'S RETURN (Entered: 01/21/1999) |
| 02/18/1999 | 34 | MOTION BY GOVT. ***SEALED*** (Entered: 02/18/1999) |
| 02/18/1999 | 35 | AFFIDAVIT OF AUSA JOHN W. VAUDREUIL. ***SEALED*** (Entered: 02/18/1999) |
| 02/19/1999 | 36 | CTR MIN: SENT.; ON CT 4: 140 MOS, $100 S.A., 6 MOS CCC WITH W/R. 5 YRS S.R. CTS 1,3,5 DISM'D ON GOVT MO. (BC) (15 MIN) (Entered: 02/22/1999) |
| 02/24/1999 | 37 | JUDGMENT AND COMMITMENT (BC) cc mld (Entered: 02/24/1999) |
| 02/25/1999 | 38 | CJA VOUCHER 21 #0525471 APPROVAL; CERTIFIED FOR PAYMENT. ***SEALED*** (Entered: 02/26/1999) |
| 03/15/1999 | 39 | JUDGMENT AND COMMITMENT WITH MARSHAL'S RETURN (Entered: 03/15/1999) |
| 03/18/1999 | | ***SEALED DOC. #34,35 RET'D TO AUSA JONES*** (Entered: 03/18/1999) |

| | | |
|---|---|---|
| 03/18/1999 | | **DEFT'S SEALED DOC'S UNSEALED AND PLACED IN CT FILE** (Entered: 03/18/1999) |
| 03/19/1999 | 40 | MOTION FOR REDUCTION OF SENTENCE PURS. TO RULE 35(b) BY GOVT. (Entered: 03/19/1999) |
| 03/19/1999 | 41 | AFFIDAVIT OF AUSA JOHN VAUDREUIL IN SPT OF MO FOR REDUCTION OF SENTENCE. (Entered: 03/19/1999) |
| 03/24/1999 | 42 | CJA VOUCHER 20 #1038542 APPROVAL; CERTIFIED FOR PAYMENT. (DUTCH)($3,322.50) (Entered: 03/24/1999) |
| 04/06/1999 | 43 | CTRM. MIN. RE-SENTENCING. ON CT 1 OF INDICTMENT: BOP 108 MOS IMPR., + 5 YRS S.R. (BC) (10 MIN) (Entered: 04/06/1999) |
| 04/09/1999 | 44 | JUDGMENT AND COMMITMENT - AMENDED. (BC) CCMLD (Entered: 04/09/1999) |
| 04/15/1999 | 45 | JUDGMENT AND COMMITMENT - AMENDED, W/RET. (Entered: 04/15/1999) |
| 04/29/1999 | 46 | CJA VOUCHER 20 #1038541 APPROVAL; CERTIFIED FOR PAYMENT. (GEIER)($2,875.50) (Entered: 05/05/1999) |
| 09/16/1999 | 47 | PARTIAL SATISFACTION OF JUDGMENT RE:ASSESSMENT.01/25/2000 SATISFACTION ENTERED IN ERROR. (Entered: 09/16/1999) |
| 01/25/2000 | 48 | PARTIAL SATISFACTION OF JUDGMENT RE: ASSESSMENT(01/21/2000) (Entered: 01/25/2000) |
| 01/25/2000 | 49 | PARTIAL SATISFACTION OF JUDGMENT RE:ASSESSMENT.(9/16/99) (DOCKETED IN ERROR ON DOCKET 98-CR-81-C-1.) (Entered: 01/25/2000) |
| 02/22/2000 | 50 | MOTION UNDER 28 USSC 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, BY DEFT SMITH. (00-CV-0096-C) (Entered: 02/22/2000) |
| 02/28/2000 | 51 | ORDER DENYING DEFT SMITH'S MO UNDER 28 USC 2255 TO VACATE SENTENCE. (BC) (00-C-96-C) (Entered: 02/28/2000) |
| 02/28/2000 | 52 | JUDGMENT. (JWS/JMD) (Entered: 02/28/2000) |
| 07/18/2000 | 53 | ORDER DENYING DEFT VAUGHN'S LETTER-REQUEST FOR HRG BEFORE THE MAGISTRATE RE: DETENTION. (BC) (Entered: 07/18/2000) |
| 08/02/2000 | 54 | SUGGESTION OF DEATH UPON THE RECORD UNDER RULE 25(a)(1),BY DEFT.VAUGHN. (Entered: 08/02/2000) |
| 11/06/2000 | 55 | MOTION FOR DEFAULT PURS. TO RULE 55 OF F.R.C.P., BY WAY OF RULE 56 AND RULE 57 OF F.R.C.P., BY DEFT MAURICE D. VAUGHN. (Entered: 11/06/2000) |

5/7/2008 10:10 AM

| 11/08/2000 | 56 | ORDER DENYING DEFT'S MO. FOR DEFAULT ON GROUND THAT IT IS WITHOUT ANY BASIS IN LAW OR FACT. (BBC) (Entered: 11/08/2000) |
| 09/26/2003 | 57 | MOTION BY DEFT. SMITH TO VACATE SENTENCE PER 28 USC 2255. (Entered: 09/29/2003) |
| 10/23/2003 | 58 | ORDER DENYING DEFT. SMITH MOTION TO VACATE SENTENCE PER 28 USC 2255. (03-C-540-C) (Entered: 10/23/2003) |
| 10/23/2003 | 59 | CIVIL JUDGMENT ENTERED. (JWS) CC MLD. (Entered: 10/23/2003) |
| 04/05/2005 | 60 | MOTION BY DEFT. FOR INSPECTION AND DISCOVERY. (Entered: 04/05/2005) |
| 04/27/2005 | 61 | ORDER DENYING DEFT. SMITH MOTION FOR INSPECTION AND DISCOVERY W/O PREJUDICE. (Entered: 04/27/2005) |
| 05/25/2005 | 62 | MOTION BY DEFT. SMITH TO CORRECT JUDGMENT. (Entered: 05/25/2005) |
| 06/03/2005 | 63 | ORDER DENYING DEFT. SMITH MOTION TO CORRECT JUDGMENT. (Entered: 06/03/2005) |
| 06/13/2007 | 64 | PROB. FORM 12C W/ORDER. (SEALED)(UNSEALED 7/20/07) (Entered: 06/13/2007) |
| 07/20/2007 | 65 | CTRM. MIN: INIT. APP.; DEFT. ADVISED OF RIGHTS; STAT. CONF. SET FOR 7/27/07 AT 10:30 AM; DEFT. RELEASED ON COND.(TM0)13 (Entered: 07/20/2007) |
| 07/20/2007 | 66 | ORDER SPECIFYING METHODS AND CONDITIONS OF RELEASE (TMO) CC MLD. (Entered: 07/20/2007) |
| 07/20/2007 | 67 | ORDER ON 7/20/07 INITIAL APPEARANCE; SET TELEPHONIC STATUS CONF. 7/27/07 AT 10:30 AM. (TMO) CC MLD (Entered: 07/20/2007) |
| 08/03/2007 | 68 | ORDER WITHDRAWING WARRANT ISSUED AS A DETAINER ON DEFT. VAUGHN. (Entered: 08/03/2007) |
| 04/25/2008 | 69 | Order Transferring Jurisdiction of Supervision to Northern District of Illinois. Signed by Judge Barbara B Crabb on 3/13/08. (krj) (Entered: 04/29/2008) |
| 05/07/2008 |  | (Court only) ***Staff Notes as to Nathaniel Smith: Record sent to Northern District of Illinois (vob) (Entered: 05/07/2008) |

**F I L E D**

69

PROB 22
(Rev. 02/88)

**08CR   322**

APR 1 6 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## TRANSFER OF JURISDICTION

**DOCKET NUMBER (Tran. Court)**

98-CR-81-C-01

**DOCKET NUMBER (Rec. Court)**

**U.S. DISTRICT COURT**
**WEST DIST. OF WISCONSIN**

| NAME & ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Nathaniel Smith | Western Wisconsin | Madison |



**DOCKETED**
APR 1 8 2008

APR 2 5 2008

**FILED**

THERESA M. OWENS, CLERK

**NAME OF SENTENCING JUDGE**

Honorable Barbara B. Crabb

U.S. PROBATION OFFICE
CHICAGO, ILLINOIS

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | 10/15/07 | 10/14/12 |

OFFENSE

Distribution of a Schedule II Controlled Substance, Cocaine Base

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE   Western   DISTRICT OF   Wisconsin

   IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the **Northern District of Illinois** upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_March 13, 2008_
Date

_Barbara B. Crabb_
United States District Judge

*This sentence may be deleted in the discretion of the transferring court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE **Northern District of Illinois**

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after entry of this order.

APR 1 5 2008

_James F. Holderman_

Effective Date

United States District Judge



# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA | INDICTMENT |
| v. | Case No. '98 CR 8 1 - C |
| NATHANIEL SMITH and | 21 U.S.C. § 841(a)(1) |
| MAURICE D. VAUGHN, | 21 U.S.C. § 846 |
| Defendants. | A TRUE COPY, Certified 5/7/08 |

Theresa M. Owens, Clerk
U.S. District Court
Western District of Wisconsin

By _____ Deputy Clerk

\# 13

THE GRAND JURY CHARGES:

## COUNT I

From on or about July 1, 1998, to on or about July 21, 1998, in the Western

District of Wisconsin, the defendants,

### NATHANIEL SMITH and MAURICE D. VAUGHN,

knowingly and intentionally conspired and agreed with each other, and with others

unknown to the grand jury, to violate Title 21, United States Code, Section 841(a)(1), by

agreeing to knowingly and intentionally possess, with intent to distribute, cocaine base,

otherwise known as crack cocaine, and by agreeing to knowingly and intentionally

distribute cocaine base, otherwise known as crack cocaine, a Schedule II controlled

substance.

(In violation of Title 21, United States Code, Section 846.)

## COUNT 2

On or about July 1, 1998, in the Western District of Wisconsin, the defendant,

### NATHANIEL SMITH,

knowingly and intentionally distributed cocaine base, otherwise known as crack

cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1).)


## COUNT 3

On or about July 7, 1998, in the Western District of Wisconsin, the defendant,

NATHANIEL SMITH,

knowingly and intentionally distributed cocaine base, otherwise known as crack

cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1).)


## COUNT 4

On or about July 15, 1998, in the Western District of Wisconsin, the defendants,

NATHANIEL SMITH and MAURICE D. VAUGHN,

knowingly and intentionally distributed cocaine base, otherwise known as crack

cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1).)


## COUNT 5

On or about July 17, 1998, in the Western District of Wisconsin, the defendants,

NATHANIEL SMITH and MAURICE D. VAUGHN,

knowingly and intentionally distributed cocaine base, otherwise known as crack

cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1).)

## COUNT 6

On or about July 21, 1998, in the Western District of Wisconsin, the defendant,

### MAURICE D. VAUGHN,

knowingly and intentionally possessed cocaine base, otherwise known as crack

cocaine, with intent to distribute, cocaine base being a Schedule II controlled

substance.

(In violation of Title 21, United States Code, Section 841(a)(1).)


A TRUE BILL



Peggy A. Lautenschlager
United States Attorney

Indictment returned:    5 August 1998

# United States District Court

## Western District Of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | (for offenses committed on or after November 1, 1987) |
| V. | **Case Number:** 98-CR-81-C-01 |
| **NATHANIEL SMITH** | **Defendant's Attorney:** DAVID GEIER |

*CL 2/99*

*37*

The Defendant, Nathaniel Smith,

pleaded guilty to count 4 of the indictment.

Counts 1, 2, 3, and 5 of the indictment are dismissed on the motion of the United States.

U.S.
WEST.

FEB 24 1999

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of a Schedule II Controlled Substance, Cocaine Base, a Class B felony | July 15, 1998 | 4 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.**

February 19, 1999
Date of Imposition of Judgment

*Barbara B. Crabb*
Barbara B. Crabb
District Judge

*February 23, 1999*
Date Signed:

A TRUE COPY, Certified
5/7/08
Theresa M. Owens. Clerk
U.S. District Court
Western District of Wisconsin

ity Clerk

# IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons for imprisonment for a period of 140 months as to count 4 of the indictment.

The Court makes the following recommendations to the Bureau of Prisons:

I recommend that defendant be afforded the opportunity to participate in the Bureau of Prisons Comprehensive Drug Treatment Program and that he serve the last six months of his confinement in a community corrections center with work release privileges.

## RETURN

**I have executed this judgment as follows:**

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By _____

Deputy Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, defendant shall be on supervised release for a term of 60 months as to count 4 of the indictment.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm or destructive device while on supervised release.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the next page).

Defendant shall also comply with the following special conditions:

(1) Register with local law enforcement agencies and the state attorney general, as directed by the supervising U.S. probation officer;

(2) Abstain from the use of alcohol, from the use and sale of illegal drugs and from association with drug users and sellers and participate in substance abuse treatment and testing, as directed by the supervising U.S. probation officer;

(3) Allow searches by the supervising U.S. probation officer of any residence or property under defendant's control where there is reason to believe he is in possession of narcotics, stolen materials, firearms or other contraband and permit confiscation of the contraband materials;

(4) File yearly federal and state tax returns; and

(5) Pay court-ordered child support.

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

DEFENDANT:    NATHANIEL SMITH
CASE NUMBER:    98-CR-81-C-01

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

As to count 4 of the indictment, it is adjudged that defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

Defendant has neither the present means nor the future earning potential to pay a fine pursuant to § 5E1.2(c) without impairing his ability to support himself upon release.

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| 4 | $100.00 | $0.00 | $0.00 |
| Total | $100.00 | $0.00 | $0.00 |

# RESTITUTION

AO 245 B (Rev. 7/93)(N.H. Rev.)

DEFENDANT:    NATHANIEL SMITH
CASE NUMBER:    98-CR-81-C-01

Judgment - Page 6 of 7

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

(1) assessment;
(2) restitution;
(3) fine principal;
(4) cost of prosecution;
(5) interest;
(6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment.

# Account Summary for SMITH, NATHANIEL

Cases:

98-CR-00081-C-01

| Statement of Account | |
|---|---|
| **SPECIAL ASSESSMENT** | |
| 02/19/1999  Judgment | 100.00 |
| 01/19/2000  Receipt # 30546 | -100.00 |
| | |
| Amount Paid In | 100.00 |
| Balance due | 0.00 |
| **Total Balance For SMITH, NATHANIEL:** | **0.00** |

| No Victim Information |
|---|

## Funds Summary

### (Activity as of 05/07/2008)

| Fund | Paid by Deft. | Paid to Victim | Adjustments | To Be Paid to Victim |
|---|---|---|---|---|